**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *csanders@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 121043

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Monica Abbananto, individually and on behalf of all others Similiarly situated<br><br>*Plaintiff*,<br><br>vs.<br><br>Nationwide Credit, Inc.,<br><br>*Defendant*. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Monica Abbananto individually and on behalf of all others similiarly situated ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Nationwide Credit, Inc. ( "*Defendant*"), as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Monica Abbananto is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Nationwide Credit, Inc., is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

9. At all relevant times hereinafter, Defendant, Weinstein, Kaplan & Cohen, P.C., for the purpose of this action is a "Debt Collector" as defined by 15 U.S.C. § 1692a(6).

10. At all relevant times hereinafter, Defendant regularly engaged, in the collection of debts allegedly owed by consumers, for profit.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

2

by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

17. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell* 74 F.3d at 34.

19. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson* 516 F.3d at 90.

20. The FDCPA is a strict liability statute, and a debt collector's intent may only be

3

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

21. Plaintiff adopts and realleges the foregoing as fully restated herein.

22. Defendant alleges Plaintiff owes a debt (the "alleged Debt").

23. Upon information and belief, the alleged Debt arises from a financial obligation Plaintiff owed to American Express.

24. Any monies owed to American Express by Plaintiff were primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Sometime thereafter, on a date unknown to Plaintiff, the alleged Debt was referred, assigned, placed or otherwise transferred to Defendant for collection.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

29. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

30. In furtherance of its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated July 2, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as "**Exhibit 1**.")

4

31. The Letter conveyed information regarding the alleged Debt.

32. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

34. The Letter was received and read by Plaintiff.

35. The Letter states "as of the date of this letter, you owe $2,526.43. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *See Exhibit 1.*

36. On the date that Plaintiff received the Letter, the alleged Debt was not subject to increase due to interest, late charges, or other charges.

37. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

38. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

39. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

40. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

41. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

5

42. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43. The Least Sophisticated Consumer likely would have been misled by Defendant's actions.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

45. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

46. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

47. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

48. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the

amount of the debt."

52. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

53. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

54. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, the actual amount of the debt.

55. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, whether the amount of the debt may increase.

56. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, whether the amount of the debt may increase.

57. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, whether the amount of the debt may increase.

58. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to interest.

59. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to late charges.

7

60. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to unspecified fees.

61. The alleged Debt was not increasing due to interest at the time Defendant sent Plaintiff the Letter.

62. The alleged Debt was not increasing due to late charges at the time Defendant sent Plaintiff the Letter.

63. The alleged Debt was not increasing due to other unspeficied charges at the time Defendant sent Plaintiff the Letter.

64. The alleged Debt was not increasing due to interest at the time Plaintiff received the Letter.

65. The alleged Debt was not increasing due to late charges at the time Plaintiff received the Letter.

66. The alleged Debt was not increasing due to other unspeficied charges at the time Plaintiff received the Letter.

67. The Letter incorrectly advised Plaintiff that the amount of the alleged Debt was increasing.

68. The Letter incorrectly states the amount of the alleged Debt "may increase."

69. The Letter falsely implies a possible outcome – "the amount due on the day you pay may be greater."

70. As a result of such failure, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt.

8

71. As a result of such failure, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt was not increasing.

72. As a result of such failure, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt is not increasing.

73. The Letter violated § 1692g(a)(1) by failing to inform Plaintiff clearly as to the amount of the debt.

74. As a result of such failure, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

75. As a result of such failure, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

76. As a result of such failure, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

77. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

78. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

81. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

82. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

83. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

84. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

85. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to interest.

86. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to late charges.

87. The Letter advises Plaintiff that the alleged Debt may be subject to increase due to unspecified fees.

88. The alleged Debt was not increasing due to interest at the time Defendant sent Plaintiff the Letter.

89. The alleged Debt was not increasing due to late charges at the time Defendant sent Plaintiff the Letter.

90. The alleged Debt was not increasing due to other unspeficied charges at the time Defendant sent Plaintiff the Letter.

91. The alleged Debt was not increasing due to interest at the time Plaintiff received the Letter.

92. The alleged Debt was not increasing due to late charges at the time Plaintiff received the Letter.

93. The alleged Debt was not increasing due to other unspeficied charges at the time Plaintiff received the Letter.

94. Because the Letter advises Plaintiff that the alleged Debt will increase due to interest, late fees or other charges when, in fact, it will not, the Letter falsely represents the character, amount, and/or legal status of the alleged Debt.

95. As a result, the Letter would mislead the least sophisticated consumer as to whether interest is accruing, and otherwise represents an attempt to collect interest unauthorized by law or contract.

96. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

97. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

98. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers to whom Defendant sent collection letters, whereby

they falsey and deceptively stated the amount of debt is increasing "because of interest, late charges, and other charges that may vary day to day," which letter was sent on or after a date one year prior to the filing of this action.

99. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

100. The Class consists of more than thirty-five persons.

101. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

102. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

103. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

104. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: April 14, 2021

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*csanders@barshaysanders.com*
*Attorneys for Plaintiff*
Our File No.: 121043